```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

JAMES JR. LEE,                    )
                                  )
        Plaintiff,                )   Case No. 3:11-0904
                                  )   Judge Campbell/Bryant
    v.                            )   **Jury Demand**
                                  )
DR. MATHEWS, et al.,              )
                                  )
        Defendants.               )

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Defendants Mathews and Russell have filed their motion to dismiss for failure to prosecute (Docket Entry No. 20). As grounds, defendants state that plaintiff has failed to prosecute this action and has failed to comply with the order of the Court requiring plaintiff to keep the Court and defendants informed of his current address.

Plaintiff Lee failed to file any response in opposition to this motion.

On March 19, 2012, the undersigned Magistrate Judge entered an order requiring plaintiff to show cause on or before Friday, March 30, 2012, why the complaint should not be dismissed for his failure to prosecute (Docket Entry No. 26). This order admonished plaintiff that failure to respond may cause the undersigned Magistrate Judge to recommend that the complaint be dismissed. Despite this order, plaintiff has filed no response.

The Court also notes that several pieces of mail sent to plaintiff by the Clerk have been returned marked either "refused"

or "attempted – not known – unable to forward." (Docket Entry Nos. 22, 23 and 24).

From the record it appears that plaintiff filed this action in September 2011, while confined in the Robertson County Detention Center (Docket Entry No. 1). After defendants filed their answer, the Court on December 14, 2011, entered a scheduling order containing deadlines to govern the progress of the case (Docket Entry No. 17). This scheduling order also admonished the parties that they were required to keep the Court and the opposing parties informed of their current addresses, and that failure to do so may result in a recommendation that the action be dismissed for failure to prosecute and for failure to comply with the Court's order (Docket Entry No. 17 at 2).

Plaintiff wrote a letter to the Clerk dated November 17, 2011, stating that he expected to be released from custody on December 7, 2011, and that upon his release he would inform the Clerk of his new address and phone number (Docket Entry No. 9). Despite this statement, plaintiff has failed to provide the Clerk's office with any new address.

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff has failed to prosecute this action and has failed to comply with the order of the Court requiring him to keep the Court and opposing counsel informed of his current address and that, for these reasons, the complaint should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss for lack of prosecution and for failure to comply with Court order (Docket Entry No. 20) be **GRANTED**, and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 3rd day of April 2012.

        s/ John S. Bryant
        JOHN S. BRYANT
        United States Magistrate Judge

3